IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

S.D. on behalf of T.L., a minor,

                              CASE NO.:

    Plaintiff,

v.

BREVARD COUNTY SCHOOL BOARD,

    Defendant.

_____/

## COMPLAINT AND JURY DEMAND

COME NOW the Plaintiff, S.D. on behalf of T.L., a minor, by and through the undersigned counsel and sues the Defendant, BREVARD COUNTY SCHOOL BOARD, and hereby allege as follows:

## PARTIES

1.  The plaintiff, S.D., is an individual, *sui juris*, who resides in Brevard County, Florida, at all times relevant.

2.  The plaintiff, T.L., is a minor who has resides in Brevard County, Florida, at all times relevant. T.L. is a student with disabilities and a student of Brevard County Public Schools.

3.  The Defendant, BREVARD COUNTY SCHOOL BOARD, ("Board" or "District") is a corporate and governmental agency duly empowered by the constitution and statutes of the state of Florida to administer, manage, and operate the Brevard County Public Schools ("BCPS.")

*Disability Independence Group, Inc.* 2990 SW 35th Avenue* Miami, Florida 33133*

4.    The Board receives state and federal funding for the education of children with disabilities. The Board meets the definition of a public entity under 42 U.S.C. § 12131.

## JURISDICTION AND VENUE

5.    Jurisdiction for this action vests pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) based upon claims brought under the Individuals with Disabilities Act, 20 U.S.C. § 1400 et seq. ("IDEA") and 42 U.S.C. §§ 1983 & 1988 for violations of T.L.'s civil rights; and the District Court's pendent jurisdiction over the state claims alleged, which arise out of the same operative facts and circumstances.

6.    Venue for this action lies pursuant to 28 U.S.C. § 1391(b) in that the Board resides in the judicial district and the cause of action accrued in the judicial district.

## GENERAL ALLEGATIONS

7.    BCPS receives state and federal funding for education.

8.    S.D. is the natural parents ("parents") of T.L.

9.    T.L. has been identified as a student with a disability and this disability impacts one or more of his major life activities.

10.   BCPS has identified T.L. as a student entitled to received exceptional student education (ESE) services due to his disabilities.

11.   T.L. became eligible for ESE services under the category of Autism Spectrum Disorder (ASD) and Language Impairment (LI) and eligibility remains the same to date.

12.   T.L. is currently 13 years old with a date of birth of August 26, 2005.

13.   T.L. in entering the 7th grade for the 2019-2020 school.

14.   This matter stems from issues that arose during elementary school years.

15. On October 18, 2018, a request for due process was filed by T.L.'s mother, pro se.

16. October 22, 2018, the request was provided to the Division of Administrative Hearings.

17. The District litigated this matter against T.L.'s mother as if she was a seasoned attorney and even brought in highly qualified and experienced outside counsel to defend the school board.

18. The district successfully removed the charter school from the proceedings, and extended the hearing so that the parties could mediate.  The mediation resulted in an impasse.

19. The hearing was finally reset for April – May 2019. The district filed three prehearing motions, all of which were denied.

20. The hearing began on April 24, 2019.  Evidence was taken and witnesses were heard.

21. During the middle of the hearing the District admitted liability. The District admitted that there was a violation of the Individuals with Disabilities Education Act (IDEA) and that the District had failed to provide this student with a Free Appropriate Public Education (FAPE).

22. The District made this admission in a Motion to Dismiss the case as moot filed on May 1, 2019.

23. The motion disclosed to the trier of fact that the district made a settlement offer to T.L.'s mother and the attached a copy of the settlement offer to their motion.  The motion argues that matter was moot because they made this offer, that there was no reason to continue the hearing and that the matter should be closed.

24. T.L's mother however rejected the offer made and wanted the hearing to continue.

25. There was no settlement agreement between the parties.

26. T.L.'s mother objected to the matter being closed as moot.

_____

27. The district disclosed confidential settlement negotiations to the Court, who is also the trier of fact, in direct violation of the rules of evidence and well established and long standing case law.

28. The district's disclosure of settlement negotiations is reversible error.

29. In addition, because there was no settlement agreement and the parties were not in agreement as to what relief is appropriate, this matter was never moot.

30. The District's motion to dismiss should never have been granted and this matter should never have been dismissed with prejudice.

31. On May 9, 2019, an Order was issued which granted the District's Motion to Dismiss, over the mother's objection, dismissed the complaint with prejudice and the judge closed the administrative proceedings, attached hereto as Exhibit "A".

32. S.D. and T.L. are aggrieved parties from the May 9, 2019 Order.

33. S.D. and T.L. have performed all conditions precedent prior to the filing of the instant action.

34. S.D. has engaged Disability Independence Group, Inc. to represent them and are obligated to pay a reasonable fee for their services.

## COUNT I

35. Plaintiffs repeat and re-allege the allegations in paragraphs 1 through 34 of the Complaint as if fully set forth herein.

36. T.L. is entitled to a review of the Final Order for which he is aggrieved.

37. The Plaintiff is aggrieved by the decision that found that this matter was moot and then dismissed the administrative case with prejudice without providing any relief to the student.

38. The disclosure of confidential settlement negotiations to the trier of fact, in this case the administrative law judge (ALJ), violated both sections 768.041 and 90.408, Florida Statutes (2019), which prohibit the admission at trial of any evidence of settlement. Saleeby v. Rocky Elson Constr., Inc., 3 So. 3d 1078, 1080 (Fla. 2009).

39. Such disclosure is reversible error. Id. at 1086.

40. Keeping settlement negotiations confidential promotes Florida's public policy favoring settlement by excluding such prejudicial evidence from the trier of fact, in this case the ALJ.

41. In addition, this matter was never moot.

42. Although the district has labeled this a Motion to Dismiss for mootness, it is actually a motion to dismiss for lack of subject matter jurisdiction. The District has stated that this Court has lost jurisdiction to hear this matter because they made an offer to the Petitioner. It is important that the offer was not accepted by the Petitioner and there is no settlement agreement between the parties.

43. Rather, this motion presents a factual attack to this Court's subject matter jurisdiction because it relies on matters outside the complaint. Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990). In this case, the question of jurisdiction is inextricably intertwined with the merits of this matter since a decision as one would effectively deicide the other. Eaton v. Dorchester Development, Inc., 692 F.2d 727, 734 (11th Cir. 1982).

44. As such, a summary judgement standard must be applied when deciding whether to dismiss a case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); Stack v. Dep't of Army, 160 F. App'x 857 (11th Cir. 2005). The court must analyze if there are any material facts in dispute. Id. *See also* 20 U.S.C. §

1415(i)(3)(B).

45.  T.L.'s mother maintained that material facts remained in dispute and the motion should thus have be denied.

46.  However, the ALJ did not need to engage in the analysis because the matter was never moot. The District admitted liability to some of the claims raised, but not all.

47.  Outstanding remained issues related to substantive violations of the IDEA, stand-alone violations of the Least Restrictive Environment requirements of the IDEA and violations of the Section 504 of the Rehabilitation Act. There also remained an outstanding factual issue regarding how far back relief could be awarded.

48.  The District cannot force T.L. to take a settlement offer.

49.  Once the district admitted liability, the ALJ should have had a hearing on what relief was appropriate.

50.  The ALJ has wide discretion in determining what relief is appropriate in IDEA cases. Burlington Sch. Comm. v. Mass. Dep't of Educ., 471 U.S. 359, 369, 374, 85 L. Ed. 2d 385, 105 S. Ct. 1996 (1985)(We do think that the court was correct in concluding that "such relief as the court determines is appropriate," within the meaning of § 1415(e)(2), means that equitable considerations are relevant in fashioning relief.). A specific type of relief is not specified, except that it must be "appropriate." Id. Absent other reference, the only possible interpretation is that the relief is to be "appropriate" in light of the purpose of the Act. Id.

51.  T.L. was entitled to written findings (20 U.S.C. § 1415(f) (1)& (h)), including that there was a violation of the IDEA that denied this student FAPE, and a hearing on appropriate relief.

_____

52.   As it stands now, T.L. has no means to even enforce the offer made by the District.

WHEREFORE, S.D. on behalf of T.L. requests a review of the Final Order and demand judgment against the Defendant, BREVARD COUNTY SCHOOL BOARD, and requests this court to enter an Order that:

a.   reverses the decision of the Administrative Law Judge (ALJ) that this matter was moot;

b.   accept the district's admission of liability and admission that there was a violation of the IDEA that denied this student FAPE;

c.   and hold a hearing on what relief is appropriate or in the alternative remand this matter for a hearing on relief;

d.   pay reasonable costs and attorney's fees incurred by S.D. together with such further relief as the court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial for all issues so triable.

Respectfully Submitted on this 7th day of August, 2019.

By: *s/ Stephanie Langer_____*
Stephanie Langer, Esq.
Florida Bar No: 149720
**DISABILITY INDEPENDENCE GROUP, INC.**
2990 Southwest 35th Avenue
Miami, Florida 33133
T: (305) 669-2822 / F: (305) 442-4181
Email: slanger@justDIGit.org
        aa@justdigit.org

*Attorneys for the Plaintiffs*