IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

S.D. on behalf of T.L., a minor,

                                                    CASE NO.: 6:19-cv-1458-Orl-40DCI

    Plaintiff,

v.

BREVARD COUNTY SCHOOL BOARD,

    Defendant.
_____/

## MOTION TO WITHDRAW AS COUNSEL

**COMES NOW**, Stephanie L. Langer and the Disability Independence Group, Inc., and pursuant to Rule 4-1.16(a) of the Florida Rules of Professional Conduct and Rule 2.03(b) of the Local Rules for the Middle District of Florida, moves to withdraw as counsel for Plaintiff, S.D. on behalf of T.L., a minor, and in support thereof states as follows:

1. Stephanie L. Langer and the Disability Independence Group, Inc., are the counsel of record representing Plaintiff, S.D. on behalf of T.L., a minor, in the above captioned action.

2. Irreconcilable differences have developed between Counsel and Client that prevent Counsel from continuing to represent Plaintiff. These differences include Client insisting upon taking a position in this action that Counsel considers imprudent and with which Counsel has a fundamental disagreement. Therefore, Counsel submits that she be permitted to withdraw.

3. As trial in this matter is scheduled to begin December 1, 2020, Counsel believes future counsel for Plaintiff should be able to prepare for trial so as to not delay this matter. However, even if permitting Counsel's withdrawal at this time would cause a delay, Counsel submits that her fundamental disagreement may rise to the point of compelling ethical

considerations that would justify such delay. "The Florida Rules of Professional Conduct provide some guidance as to what constitute compelling ethical considerations,' including where an attorney and client have a 'fundamental disagreement' or the client insists upon a course of action the attorney believes imprudent." *Simmons v. House of Brewz LLC*, 2:14-CV-390-FTM-29CM, 2015 WL 3991021, at *3 (M.D. Fla. June 30, 2015).

4. Counsel has advised Plaintiff of the irreconcilable differences via email and through telephone calls, and gave her notice of intent to withdraw as counsel with the requisite notice before the filing of this motion, as required by Local Rule 2.03(b).

5. Therefore, as a result of the fundamental disagreement with Client and ethical considerations facing Counsel, Counsel cannot, to any degree, continue to represent Plaintiff in this matter.

6. Withdrawal can be accomplished without material adverse effect on the interests of Plaintiff.

7. Notice of Counsel's intention to seek leave of the Court to withdraw from representing Plaintiff was sent to Defendant's counsel as required by Local Rule 2.03(b), and Counsel for the Defendant has no position to this motion stating, "I have no basis to object."

8. Counsel would also request that Plaintiff be given a reasonable amount of time within which to obtain new counsel and has asked me to request 45 days.

9. If Counsel is permitted to withdraw, any and all papers for Plaintiff should be sent to her address at: 305 Edinburgh Drive, Cocoa, Florida 32922, and email at sdixon1600@yahoo.com; until new counsel makes an appearance on Plaintiff's behalf.

**WHEREFORE**, Stephanie L. Langer and Disability Independence Group, Inc., respectfully requests the Court enter an order permitting to withdraw from this action as counsel

of record, discharged from all further responsibilities in the representation of Plaintiff, and that Plaintiff be given a reasonable amount of time within which to obtain new counsel.

### Certificate of Conference

Pursuant to Local Rule 3.01(g), the undersigned certifies that she has conferred with counsel for Defendant who has informed the undersigned that Defendant has no position with regards to this motion stating, "I have no basis to object."

Respectfully submitted this 22nd day of October, 2019.

By:   s/*Stephanie L. Langer*
      Stephanie L. Langer, Esq.
      Fla. Bar. No.: 149720

### Certificate of compliance

Under Local Rule 2.03 (b) of this Court, no attorney may withdraw as counsel of record for any party except with written leave of the Court obtained after giving 10 days' notice to the party or client affected, and to opposing counsel. The requisite notice has been given to opposing counsel and provided to Plaintiff.

Respectfully submitted this 22nd day of October, 2019.

By:   s/*Stephanie L. Langer*
      Stephanie L. Langer, Esq.
      Fla. Bar. No.: 149720

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 22, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsels of records as identified in the attached service list, and Plaintiff, via email at sdixon1600@yahoo.com.

By: s/*Stephanie L. Langer*
Stephanie L. Langer, Esq.
DISABILITY INDEPENDENCE GROUP, INC.
2990 Southwest 35th Avenue
Miami, Florida 33133
Telephone (305) 669-2822
Facsimile (305) 442-4181
slanger@justdigit.org
aa@justdigit.org