IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

S.D. on behalf of T.L., a minor,

                                                                           CASE NO.: 6:19-CV-1458-Orl-40DCI

    Plaintiff,

v.

BREVARD COUNTY SCHOOL BOARD,

    Defendant.
_____/

## PLAINTIFFS MOTION FOR LEAVE TO SUPPLEMENT AND AMEND COMPLAINT AND JURY DEMAND WITH OBJECTION

COME NOW the Plaintiff, S.D. on behalf of T.L., a minor as *In Forma Pauperis* pursuant to Rule 15 of the Florida Rules of Civil Procedure, and files this Supplemental Complaint and Jury Demand, and support thereof states:

### FACTS FOR WHICH PLAINTIFF RELIES FOR RELIEF

53. On 8.07.2019, the Plaintiff filed a Complaint and Jury Demand subsequent to an order by DOAH May 9, 2019, which the Plaintiff is aggrieved. At that time of appeal the Plaintiff was represented by counsel. Counsel withdrew from this case filing in October 2019. The Plaintiff is now proceeding pro se.

54. On October 18, 2018, a request for a due process was filed by T.L. 's mother, pro se.

55. October 22, 2018, the request was provided to the Division of Administrative Hearings.

56. The hearing was finally reset for April – May 2019, and on April 17, 2019, the pre-hearing motion the district filed for tolling, was denied, attached hereto as Exhibit "A2".

57. During the middle of the hearing the District admitted liability. The District admitted that there were substantive, and procedural violations of the Individuals with Disabilities Education Act (IDEA) and Section 504, and that the District had failed to provide this student with a Free Appropriate Public Education (FAPE).

58. The District made this admission in a Motion to Dismiss the case as moot filed on May 1, 2019, attached hereto as Exhibit "A1".

59. On May 9, 2019, an Order was issued which granted the District's Motion to Dismiss over the mother's objection, dismissed the complaint with prejudice and the judge closed the administrative proceedings, attached hereto as Exhibit "A". Outstanding issues remain.

## COUNT FOR SUPPLEMENTAL AMENDMENT OF COMPLAINT AND JURY DEMAND

New evidentiary developments are emerging which bear sufficient importance to seek supplementation of the record. The developments of facts distinctively, and demonstrably support the disposition of the case, and the Plaintiff respectfully requests it to be considered.

60. Paragraphs 53 through 80 are realleged as if fully set forth herein.

61. BCPS is currently violating the child's rights to FAPE, and Section 504 as of the filing of this document, which is clear evidence the moot doctrine cannot be applied in this case.

62. Recently, the child's parent sent the district an email March 18, 2020 to inquire about how services and supports would be put in place for ESE, (exceptional student education) students due to school closures and students having to use remote learning the rest of the school year.

63. The district responded two weeks later April 2, 2020, to the parents email inviting the parent to attend a meeting which would not be an IEP meeting, but rather an informal meeting to discuss the students needs.

64. The parent respectfully declined specifically informing the district of her agenda to have written changes on the child's IEP which are legal and binding, and requested an IEP meeting, in which the district agreed to have. The parent also requested the student's private tutor and other ESE personnel be invited to the meeting.

65. A letter issued by the United States Department of Education dated March 21, 2020 allows for changes to the IEP during COVID-19, in compliance with the IDEA and Section 504.

66. The IEP meeting was held April 7, 2020. During this meeting, the district emailed the parent and tutor a document titled "distant learning plan", developed by the district with no input from the parent or tutor denying the parent meaningful participation.

67. The parent and the child's private tutor gave input on why the child would benefit from using a video platform for face to face interventions, assistance with academics, and supports and services during this IEP meeting. The child's private tutor was already using a video platform before this IEP meeting was held.

68. April 13, 2020, BCPS sent a prior written notice to the parent specifically documenting that the district refuses to modify the child's IEP to meet his currently changed learning needs. This includes refusing to use a video platform to administer critical intervention he was receiving before school closure. and that only the current IEP, and the district developed learning plan were used for the recommendation of the child's education program.

69. The district refuses to consider the input from the parent, and the child's private tutor for modifying the IEP for the child's education benefit.

70. The parent had no participation in the development of the district's learning plan for the student, and it denies the student critical intervention.

71. The district is refusing to serve the child essential intervention and supports, and denying the child appropriate access to the curriculum.

72. BCPS continues to deny the child FAPE.

73. No other effective legal remedy is available to the Plaintiff.

74. The district retains the power to continue to practice the allegations at any time.

75. The district filed moot and to dismiss the case May 1, 2019 to evade review, and suppress evidence the day before the plaintiff's expert witness was to finish testimony on May 2, 2019.

76. As a special education student retained twice, the student will be enrolled in school until he is 21 years of age. The student is not finished with school, yet he has several years remaining, and remains at risk for repeated violations of his rights. Roe v. Wade, 410 U.S. 113, 125 (1973).

77. The district did not meet the heavy burden of mootness, and make it absolutely clear that the wrongful behavior cannot be reasonably expected to recur. Friends of Earth, Inc., v. Laidlaw Environmental Services (TOC), Inc., ante, at 189.

78. In addition to assuring that the defendant is not "free to return to their old ways, there is a public interest in having the legality of the practices settled. The district is a public government local education agency receiving state and federal funds, in which they have violated conditions for which funds are granted under the IDEA, and Section 504, denying the student FAPE and is capable of repetition. Board of Education of Hendrick Hudson Central School District v. Rowley, 458 U.S. 176 (1982). United States v. W.T. Grant Company 345 U.S. 629, 632 (1953).

70. Voluntary Cessation does not moot a case.

### ARGUMENT

80. Plaintiff incorporates by reference as if fully set forth herein the legal argument set forth in paragraphs 1 through 53 of it's Complaint for Jury Demand in this action filed 8.07.2019.

### RELIEF REQUESTED

WHEREFORE, S.D. on behalf of T.L. requests a review of the Final Order and demand judgment against the Defendant, BREVARD COUNTY SCHOOL BOARD, and requests this court to enter an Order that:

a.      reverses the decision of the Administrative Law Judge (ALJ) that this matter was moot;

b.    accept the district's admission of liability and admission that there was procedural and substantive violations of the IDEA and Section 504 that denied this student FAPE;

c.    and hold a hearing on what relief is appropriate or in the alternative remand this matter for a hearing on relief;

d.    Further relief as the court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial for all issues so triable.

Respectfully Submitted April 17, 2020.

By: *[signature]*

Sandy Dixon
305 Edinburgh Dr.
Cocoa, FL 32922
Phone: 321.320.3747

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 17, 2020, a copy of the foregoing documents have been served by certified mail to all parties and counsel of record listed in the service list

By: *[signature]*

Sandy Dixon
305 Edinburgh Dr.
Cocoa, FL 32922
P: (332) 320.3747
sdixon1600@yahoo.com

## SERVICE LIST

Michael H. Bowling, Esq.

Florida Bar No.: 333026

Bell & Roper, P.A.

2707 E. Jefferson Street

Orlando, FL 32803

Telephone: (407) 897-5150

mbowling@bellroperlaw.com

ysuedmeyer@bellroperlaw.com